IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HELEN A. NELSON,              )<br>                                             )<br>              **Plaintiff,**       )<br>                                             )      **CIVIL ACTION**<br>v.                                        )<br>                                             )      No. 13-1199-JWL<br>CAROLYN W. COLVIN,   )<br>**Acting Commissioner of Social Security,**  )<br>                                             )<br>              **Defendant.**      )<br>_____ ) | |

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Commissioner's decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

## I.     Background

Plaintiff applied for SSD and SSI, alleging disability beginning June 7, 2007. (R. 214-235). At the Administrative Law Judge (ALJ) hearing, Plaintiff, through her representative, amended her alleged onset date to March 27, 2010. (R. 23, 44). In due

course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges that the ALJ erred in failing to find that Plaintiff's condition meets Listing 12.04 (Affective Disorders) of the Listing of Impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.     Listing 12.04

Because Plaintiff does not demonstrate that her condition meets or medically equals the criteria of Listing 12.04, the court finds no error in the ALJ's determination.

### A.     Standard for Evaluating Listing 12.04

The Commissioner has promulgated a Psychiatric Review Technique for evaluating mental impairments. 20 C.F.R. §§ 404.1520a, 416.920a. In evaluating the severity of mental impairments at steps two and three of the sequential process, the technique provides for rating the degree of functional limitation in each of four broad mental functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. §§ 404.1520a(c) 416.920a(c). After rating the degree of limitation in each functional area, the Commissioner determines the severity of plaintiff's mental impairments. Id. §§ 404.1520a(d), 416.920a(d).

When the first three functional areas are rated as "none" or "mild," and the fourth area is rated as "none," the agency will conclude at step two of the sequential evaluation process that plaintiff's mental impairments are not severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [plaintiff's] ability to do basic work activities." Id. §§ 404.1520a(d)(1), 416.920a(d)(1). If the mental impairments are

severe, the technique requires an evaluation of whether the impairment meets or equals a listed impairment by comparing the step two findings and the medical evidence with the criteria of the listings.  Id. §§ 404.1520a(d)(2), 416.920a(d)(2).

The Commissioner has provided a "Listing of Impairments" which describes certain impairments that she considers disabling.  20 C.F.R. §§ 404.1525(a), 416.925(a); see also, Pt. 404, Subpt. P, App. 1 (Listing of Impairments).  If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling.  Williams, 844 F.2d at 751; see Bowen v. Yuckert, 482 U.S. 137, 141 (1987) (if claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled").  However, plaintiff "has the burden at step three of demonstrating, through medical evidence, that his impairments 'meet all of the specified medical criteria' contained in a particular listing."  Riddle v. Halter, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in Zebley)).  "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing.  Zebley, 493 U.S. at 530.

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'"  Zebley, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)).

The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." Yuckert, 482 U.S. at 153. "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively." Caviness v. Apfel, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

The "A" criteria of Listing 12.04 require a medically documented persistence of depressive syndrome, manic syndrome, or bipolar syndrome. The "B" criteria require at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration. The "C" criteria of Listing 12.04 require a two year history of chronic affective disorder with symptoms currently attenuated by medication or psychosocial support and either repeated episodes of decompensation, or the condition is such that even a minimal increase in mental demands or change in environment would cause decompensation, or an inability to function outside a highly supportive living arrangement. If the "A" and "B" criteria are not met, the Listing might still be met if the "C" criteria are met.

### **B.     Analysis**

The ALJ determined that Plaintiff has severe impairments which include depression (R. 25), but that her condition does not meet or equal the criteria of Listing 12.04 because she does not meet the "B" criteria for at least two marked limitations or

one marked limitation with repeated episodes of decompensation, and she does not meet any of the "C" criteria of that Listing. (R. 26). Both Plaintiff and the Commissioner admit that the "A" criteria are met, showing that Plaintiff has at least a severe depressive syndrome. (Pl. Br. 38-39) (Comm'r Br. 6). Plaintiff argues, however, that the ALJ should have found marked restrictions in activities of daily living and in social functioning, and should have found that the "B" criteria of the Listing are met. (Pl. Br. 39-40) (citing Plaintiff's hearing testimony at (R. 46, 52, 54, 65)).

Plaintiff argues that the cited testimony is crucial evidence related to Plaintiff's depression which "has not been adequately considered or acknowledged, nor reflected in a proper and objective consideration of a mental residual functional capacity assessment." (Pl. Br. 40). She argues that because Plaintiff's testimony regarding major depressive disorder was not adequately considered by the ALJ, that it was not properly incorporated into the decision despite the vocational expert's testimony that if an individual were unable to sustain concentration, persistence, or pace no work would be available for that individual. (Pl. Br. 41) (relying without citation on the vocational expert's testimony at (R. 73)). In conclusion, Plaintiff quotes the Tenth Circuit case of <u>Briggs ex rel. Briggs v. Massanari</u>, 248 F.3d 1235, 1239 (10th Cir. 2001) for the proposition that an ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." (Pl. Br. 43) (emphasis omitted).

Plaintiff's reliance on her own hearing testimony is misplaced in this case. The ALJ explained that Plaintiff's "statements concerning her impairments and their impact

on her ability to work are not entirely credible in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own description of her activities and lifestyle." (R. 28). Then over the next three pages of his decision the ALJ explained the specific evidence upon which he based these findings. (R. 28-30).

The court's review of an ALJ's credibility determination is deferential. Such determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Moreover, in her brief in chief Plaintiff does not allege error in the ALJ's credibility analysis, and she points to no specific evidence which precludes the findings made by the ALJ. Plaintiff has the burden of proof in a Social Security case and has shown neither that the ALJ erred in finding that her allegations are not credible nor that her condition meets or medically equals the severity of Listing 12.04.

In Plaintiff's reply brief, her counsel makes several broad generalizations of error in the Commissioner's decision. He stated, "Tremendous transgressions in credibility analysis were committed by the Administrative Law Judge in not properly recognizing Plaintiff's credibility and allowing testimony supportive of disability." (Reply 1). On the next page, he states, "vast amounts of substantial evidence is purposefully ignored in 'predetermining' an outcome denying benefits despite the presence of an abundance [sic]

supportive evidence in favor of disability." (Reply 2). He speaks of the ALJ's "blatant credibility manipulation utilized to exclude specific and relevant evidence in predetermining a finding not supporting an award of benefits." Id. He continues:

> Well, it sure would seem that the ALJ was certainly willing to believe anything that would support his vision and finding of non-disability! He just refuses to acknowledge anything that would support a finding of disability and has found a way to flush most of the evidence away to spare the Commissioner the expense of an otherwise valid award.
>
> And certainly, there is much to flush away - - that is, so much substantial evidence was ignored in making an incorrect determination that substantial evidence does not support a finding of disability.

(Reply 2-3).

In her reply brief Plaintiff points to evidence such as the consultative psychological examination report of Dr. Molly Allen (Reply 2) which Plaintiff apparently believes precludes the findings of the ALJ, and she inserts nearly five pages (single spaced) of her summary of the medical records evidence regarding eighteen visits with her mental health care provider, ComCare, quoted from her brief in chief. (Reply 3-7) compare (Pl. Br. 4-25, passim). However, counsel merely identifies Dr. Allen's report, and points to no fact or finding from that report which precludes the ALJ's findings. The court will not search through Dr. Allen's report and attempt to make an argument for Plaintiff. Similarly, in quoting the five pages of counsel's summary of the ComCare treatment records, counsel does not explain the significance of any of the summary. He does not identify a single fact which precludes the findings of the ALJ, he does not present any argument (other than his bald assertion) why the ALJ's credibility

9

determination is erroneous or unworthy of deference. Again, the court will not search through the ComCare treatment records and develop Plaintiff's arguments for her.

Because Plaintiff has not shown that her condition meets or equals the criteria of Listing 12.04, the court finds no error in the Commissioner's decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

Dated this 25th day of September 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**